IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICIA FRAZIER,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No. 2:08-CV-1056-RDP |
| } | |
| **CITIFINANCIAL** } | |
| **CORPORATION, LLC,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Before the court is Defendant CitiFinancial Corporation, LLC's Motion to Compel Arbitration and Stay Proceedings and Motion for Judgment on the Pleadings (Doc. # 6). The motion has been fully briefed by the parties (Docs. # 6, 8 and 9). For the reasons outlined below, the motion is due to be granted.

**I.    Facts.**

On December 6, 2006, Plaintiff, Patricia Frazier, and her husband, John Frazier, filed a Complaint in the Circuit Court of Jefferson County, Alabama, asserting claims of breach of contract, fraud, and rescission of mortgage. These claims stemmed from a loan they obtained from HomeSense in 2000. The Complaint was later amended to reflect that the proper defendant is CitiFinancial Corporation, LLC (hereinafter "CitiFinancial"). CitiFinancial began foreclosure efforts after it failed to receive certain payments from the Fraziers on the 2000 real estate loan. On February 8, 2007, CitiFinancial removed that action to this court (where it was assigned to one of the undersigned's colleagues), and moved to compel arbitration of the Fraziers' claims and to stay

proceedings. On November 9, 2007, Judge Inge Johnson ordered the Fraziers to arbitrate their claims against CitiFinancial.

After further legal wrangling, the parties proceeded to arbitration. On April 10, 2008, the Fraziers filed a Counter Demand for Arbitration asserting, among other claims, a Slander to Title Claim. (Doc. 6, Ex.13). Less than a month after making this Counter Demand for Arbitration, on May 9, 2008, Plaintiff initiated the instant litigation in the Circuit Court of Jefferson County, Alabama. In the present case, Mrs. Frazier (alone this time) asserts the following claims: (1) seeking to quiet title; (2) for declaratory judgment and injunctive relief against CitiFinancial's claim for right of foreclosure; and (3) slander to title, all relating to CitiFinancial's efforts to foreclose on the property securing the April 17, 2000 real estate loan, *i.e.*, the same issues which spawned the earlier litigation and arbitration between the parties. (Doc. # 1, Ex. B).

The Arbitration Agreement under which Defendant CitiFinancial seeks to compel arbitration in this case, and successfully sought arbitration in the prior case, contains the following relevant provisions:

> **"Claim"** means any claim, dispute or controversy between you and us (except for any Excluded Claims, as defined below) arising from or relating to the Credit Transaction or the relationships resulting from the Credit Transaction, including the validity, enforceability or scope of this Arbitration Agreement, or the Credit Transaction. "Claim" includes claims of every kind and nature, including but not limited to initial claims, counterclaims, cross-claims and third-party claims and claims based upon contract, tort, fraud and other intentional torts, statute, common law and equity. The term "Claim" is to be given the broadest possible meaning and includes, by way of example and without limitation, any claim, dispute or controversy that arises under or relates to the Truth in Lending Act and Regulation Z; the Equal Credit Opportunity Act and Regulation B; the Real Estate Settlement Procedures Act and Regulation X; state insurance, usury and lending laws; fraud or misrepresentation, including claims for failing to disclose material facts; other federal or state consumer protection statutes or regulations; any party's execution of this Agreement and/or willingness to be bound by the terms of this Agreement; or any

>   dispute about soliciting, originating, making, closing, servicing, collecting or enforcing the Credit Transaction.
>
>   **"Excluded Claims"** means (a) any action to effect a judicial or nonjudicial foreclosure or to establish a deficiency judgment; (b) any action arising out of unlawful detainer; (c) eviction or other summary proceeding to secure possession of real property securing the Credit Transaction; (d) any action to assert, collect, protect, realize upon or obtain possession of the collateral for the Credit Transaction in any bankruptcy proceeding; **(e) any action to quiet title**; (f) all rights of self help including peaceful occupation of real property and collection of rents, set-off and peaceful possession of personal property; (g) obtaining a deed in lieu of foreclosure; and (h) **obtaining provisional or ancillary remedies in connection with the foregoing**.

(Doc. 8, Ex. 1) (emphasis added).

## II. Discussion.

Defendant's Motion seeks to compel arbitration of Counts Two (for declaratory judgment and injunctive relief) and Three (damages for slander of title) of Plaintiff's Complaint, and seeks dismissal of Count One, Plaintiff's claim under Alabama's Quiet Title Statute, Ala. Code § 6-6-560. Plaintiff appears to concede that this court only has jurisdiction to hear Counts Two and Three as they relate to Count One, her claim to quiet title. (Doc. #8 at 2) ("The slander to title clams and the declaratory judgment claims are provisional or ancillary remedies in connection with the quiet title action."). Therefore, the court will first address Plaintiff's quiet title claim.

### A. Plaintiff's Quiet Title Claim.

Alabama Code § 6-6-560 allows a party to file an action to quiet title to certain property "if no action is pending to test his title to, interest in or his right to the possession of such lands." The key question here involves the proper construction of the term "action" as used in § 6-6-560. Defendant argues that the pending arbitration constitutes such an action and requires dismissal of Plaintiff's quiet title claim. (Doc. #6 at 19-20; Doc. #9 at 6-9). Plaintiff asserts that an arbitration is not an "action" pursuant to Ala. Code § 6-6-560 for purposes of precluding her quiet title action.

3

(Doc. # 8 at 2-3). Neither party has been able to direct this court to binding precedent one way or the other. However, the court's own review of Alabama case law discussing the application of the doctrines of res judicata and collateral estoppel to the arbitral and judicial forums convinces it that the pending arbitration is a pending "action" as that term is defined in § 6-6-560 and thus the pendency of the arbitration matter precludes Plaintiff's quiet title claim in this case.

"Res judicata and collateral estoppel are two closely related, judicially created doctrines that preclude the relitigation of matters that have been previously adjudicated or, in the case of res judicata, that could have been adjudicated in a prior action." *Lee L. Saad Constr. Co., Inc. v. DPF Architects, P.C.,* 851 So.2d 507, 516 (Ala.2003). Importantly for purposes of the motion presently before the court, the "doctrines of [res judicata and collateral estoppel] apply as well to awards in arbitration as they do to adjudications in judicial proceedings." *Lee L. Saad Constr. Co., Inc.,* 851 So.2d at 516, quoting *Old Republic Ins. Co. v. Lanier*, 790 So.2d 922, 928 (Ala. 2000), quoting in turn *American Ins. Co. v. Messinger*, 43 N.Y.2d 184, 189-90 (1977) (internal quotation marks omitted). Specifically, the Alabama Supreme Court has held that, where claims arise from the same "nucleus of operative facts," *a prior arbitration award* on certain claims acts as a res judicata bar to other claims against the same defendant asserted *in a subsequent civil action*. *Lee L. Saad Constr. Co., Inc.,* 851 So.2d at 517-18; *Old Republic*, 790 So.2d at 933.

As the former Fifth Circuit stated in a case where the proper ownership of two parcels of land located in Mobile County, Alabama was at issue, "[t]his court sits, in a diversity action, as another Alabama court. We cannot entertain any action not maintainable in an Alabama court, and the Alabama state courts would not allow relitigation either of issues raised in the prior suits or of issues which could have been raised in those suits." *Anderson v. Moorer*, 372 F.2d 747, 751 (5th Cir.1967). The Alabama Supreme Court's determination that arbitration proceedings stand on the same footing

4

as judicial actions for collateral estoppel and res judicata purposes leads inexorably to the conclusion that an arbitration proceeding would be considered an "action" for purposes of the quiet title statute. To treat arbitration proceedings otherwise would not give them the same effect as Alabama courts do.[1]

Having decided that an arbitration proceeding is an "action" for purposes of the quiet title statute, the question becomes whether the pending arbitration of a slander of title claim "tests [Plaintiff's] title to the subject property." Alabama law is clear on this issue. Alabama's quiet title statute only allows a plaintiff to file a quiet title action "if no action is pending to test his title to, or interest in or his right to the possession of such lands, ...." Ala. Code § 6-6-560. Therefore, we must examine the claims asserted in the pending arbitration. In the pending arbitration, Plaintiff and her husband have asserted a counter demand for arbitration in which they included a slander of title claim. The first element of Plaintiff's slander of title claim requires Plaintiff to prove "ownership of the property by Plaintiff." *Folmar v. Empire Fire and Marine Ins. Co.*, 856 So.2d 807, 809 (Ala.2003); *Merchants Nat'l Bank of Mobile v. Steiner*, 404 So.2d 14, 21 (Ala.1981). The purpose of a quiet title action is "to establish the right or title to such lands or interest and to clear up all doubts or disputes concerning same." Ala. Code § 6-6-560. Proving "ownership of the property by Plaintiff" for purposes of her slander to title action will require Plaintiff to establish that she has right or title to the property at issue and to clear up all doubts and disputes about her ownership and/or title to the property. *See* Ala. Code § 6-5-221; *Folmar*, 856 So.2d at 809. Thus, because there was an

---

[1] Furthermore, the Alabama Supreme Court has indicated its agreement with the principle that the only difference between pursuing claims in court as opposed to arbitration is the forum in which the dispute is resolved. *See AmSouth Inv. Services, Inc. v. Bhuta,* 757 So.2d 1120, 1124 (Ala. 2000); *Beaver Constr. Co. v. Lakehouse, L.L.C.*, 742 So.2d 159, 164 (Ala.1999).

"action" already pending to test her title to the property at the time Plaintiff filed her quiet title claim[2], § 6-6-560 bars Plaintiff's quiet title claim before this court.

### B. Plaintiff's Claims For Ancillary Relief.

As noted above, Plaintiff advances her declaratory judgment and slander to title claims in this case as "ancillary remedies to" her alleged excluded quiet title claim. She argues that these ancillary claims are also excluded from the definition of "Claims" subject to arbitration under the Arbitration Agreement at issue. However, because the court has already determined that her quiet title claim, which would have been an "Excluded Claim," was barred by a pending action and is due to be dismissed, there is no longer a viable pending "Excluded Claim" to which these claims could be ancillary remedies.

Furthermore, Plaintiff's declaratory judgment and slander to title claims arise out of the same nucleus of operative facts as the claims asserted jointly by the Fraziers in *Frazier v. CitiFinancial Corp., LLC*, 2:07-cv-271-TMP (*i.e.*, CitiFinancial's efforts to foreclose on the property securing the 2000 loan transaction with HomeSense). Therefore, for the reasons discussed by Judges Putnam and Johnson in their respective modified Report and Recommendation (Doc. # 34) and Memorandum Opinion (Doc. # 37) in 2:07-cv-271-IPJ, Mrs. Frazier's remaining claims in this case are due to be arbitrated.

### III. Conclusion

For the reasons outlined above, Defendant CitiFinancial's motion to compel arbitration and stay proceedings and motion for judgment on the pleadings is due to be granted. By separate order, the court will dismiss Plaintiff's quiet title claim and order her remaining claims to arbitration.

---

[2] As noted above, Plaintiff's Complaint seeking to quiet title in this case was filed within a month after she and her husband filed their Counter Demand for Arbitration in the pending arbitration asserting a slander to title claim.

However, rather than stay proceedings pending the outcome of arbitration, dismissal without prejudice is also the proper course regarding the claims hereby being sent to arbitration. *See Dale v. Comcast Corp*, 453 F.Supp.2d 1367, 1378 (N.D. Ga. 2006).

    **DONE** and **ORDERED** this \_\_\_\_13th\_\_\_\_ day of August, 2008.

                                      _____
                                      R. DAVID PROCTOR
                                      UNITED STATES DISTRICT JUDGE